WALSH CONSTRUCTION COMPANY

*v.*

STATE OF ILLINOIS.

*Opinion filed May 16, 1917.*

CONTRACTS—*construction of.* The court reviews the evidence as to the construction of the contract, and makes an award accordingly.

Vause, Hughes & Kiger, for Claimant.
Edward J. Brundage, Attorney General, for State.

Claimant here seeks to recover for certain work done on the levees at Cairo. It entered into contract on December 31, 1913, with the Rivers and Lakes Commission for the doing of this work.

The claim is divisible into three parts. Under the first part, it was estimated in the contract that the amount of excavation would·be 29,400 cubic yards. Claimant excavated 19,308.1 cubic yards, and the Rivers and Lakes Commission allowed for the excavation of 10,997.5 cubic yards. The difference between claimant and the Rivers and Lakes Commission arose over the question as to whether or not the excavation should have had vertical or sloping sides. It is evident from the evidence that it was necessary to excavate with sloping sides. This is not an extra, and under the contract claimant is entitled to pay for the actual amount of the execution. The State does not contest the claim in this particular, and the claimant on this part should receive $5,657.96.

Another part of the claim for the difference in the cost due to the use of stone and sand instead of gravel, has been dismissed out of the case, and there remains now for consideration the claim for the maintenance of track connections. It appears that over a part of the work, the Illinois Central Railroad had certain tracks which had to be removed and replaced from time to time; removed so that the work could proceed, and replaced so that the railroad could switch its cars. For this part, claimant alleges that there is due it the sum of $2,726.84. In the specifications, claimant points out that it was the duty of the Rivers and Lakes Commission to provide the necessary right of way upon which the work is to be done. On the other hand, the State points out that the specifications provide that the plans are a part of the specifications, and that the work is to be made complete, and to the satisfaction of the Commission, and that claims for extra labor or material must be reported to the Rivers and Lakes Commission in writing at the time same is furnished, and must also be presented in writing at the end of the month, that nothing shall be paid for as extra labor that can be classified under any of the heads upon which unit. prices are fixed, that the written notices required on the part of the contractor

are conditions precedent to any recovery on its part for extra work, that whenever work is required to be done which was not contemplated, the Commission shall fix the prices, and the contractor shall abide by the same. It is also provided that in all questions regarding the value of extras, variations, allowances or deductions, or the violation of the contract, the decision of the Commission shall be final.

The Rivers and Lakes Commission decided adversely to the claims of claimant, based on this state of facts.

As we view this part of the claim it is for extras, upon which to entitle claimant to recover, the conditions precedent in the contract must have been complied with. The reports required of claimant were not made, so far as the record shows, and the Rivers and Lakes Commission, whose decision claimant agreed should be final decided adversely to claimant.

There remains nothing for us to do but reject this part of the claim, and it is accordingly the decision of this Court that claimant be awarded the amount of the first item, five thousand six hundred fifty-seven and 95/100 ($5,657.95) dollars.